Gregory N. Blase (GB1203)
Max E. Kaplan (MK2142)
599 Lexington Avenue
New York, New York 10022-6030
Telephone:  (212) 536-3900
Email: gregory.blase@klgates.com
       max.kaplan@klgates.com
Attorneys for Defendants Wells Fargo Bank, N.A. and
Wells Fargo Financial National Bank

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

END LINE INVESTORS, LTD,

                Plaintiff           1:16-cv-07009-PGG

    -against-                         **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

WELLS FARGO BANK, N.A., and
WELLS FARGO FINANCIAL, NATIONAL BANK,

                Defendants.

---------------------------------------------------------------X

Defendants Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Financial National Bank ("Wells Fargo Financial" and, together with Wells Fargo Bank, "Defendants"), through their undersigned counsel, answer plaintiff End Line Investors, Ltd.'s ("Plaintiff") Complaint as follows:

### RESPONDING TO THE COMPLAINT'S ALLEGATIONS

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.     Wells Fargo Bank admits that it is a national bank with its main office in South Dakota, and otherwise denies the allegations set forth in paragraph 2 of the Complaint.

3. Wells Fargo Financial admits that it is a national bank with its main office in South Dakota, and otherwise denies the allegations set forth in paragraph 3 of the Complaint.

4. Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit that they communicated with Jaffe & Asher, LLP ("Jaffe & Asher") in or around the Spring of 2013, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in paragraph 9 of the Complaint, including its respective subparts.

10. Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendants admit that, in or around May 2013, they entered into a written Legal Services Agreement with Jaffe & Asher. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendants admit that, in or around May 2013, they entered into a written Legal Services Agreement with Jaffe & Asher. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendants admit that they referred certain legal matters to Jaffe & Asher. Except as expressly admitted herein, Defendants otherwise deny the allegations set forth in paragraph 18 of the Complaint

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

## FIRST CAUSE OF ACTION

21. Defendants incorporate their responses to the preceding paragraphs of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

32. Defendants incorporate their responses to the preceding paragraphs of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

## THIRD CAUSE OF ACTION

40. Defendants incorporate their responses to the preceding paragraphs of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

## FOURTH CAUSE OF ACTION

51. Defendants incorporate their responses to the preceding paragraphs of the Complaint.

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54. Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in paragraph 57 of the Complaint.

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is necessary. To the extent a further response may be required, Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint and respectfully request that the Court (1) enter judgment in Defendants' favor, (2) dismiss the Complaint with prejudice,


Case 1:16-cv-07009-PGG   Document 11   Filed 09/30/16   Page 6 of 9

(3) award Defendants their attorneys' fees and costs incurred in defending this action, (4) deny all relief sought by Plaintiff, and (5) grant all other relief to which Defendants are entitled or as to which the Court deems just and necessary.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Defendants, at all times, have fully complied with and fully satisfied all of their obligations under and pursuant to the documents referenced in the Complaint, as well as all other obligations due to Jaffe & Asher.

### THIRD DEFENSE

3. Defendants did not breach any contractual obligations or warranties expressed, implied, or otherwise arising by operation of law.

### FOURTH DEFENSE

4. The relief sought in the Complaint is barred by virtue of the fact that neither Plaintiff nor Jaffe & Asher suffered any compensable injury as a result of any action by any of Defendants.

### FIFTH DEFENSE

5. Any recovery by Plaintiff in this action would result in unjust enrichment to Plaintiff.

### SIXTH DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by Section 11.2 (the "Merger Clause") of the Legal Services Agreement Jaffe & Asher signed on or about May 23, 2013, as

referenced in the Complaint at ¶¶ 16-17.

### SEVENTH DEFENSE

7. Plaintiff's claims are barred, in whole or in part, under the parole evidence rule.

### EIGHTH DEFENSE

8. Plaintiff's breach of oral agreement claim is barred by the statute of frauds.

### NINTH DEFENSE

9. The Complaint fails to sufficiently allege any oral agreement between Jaffe & Asher and the Defendants.

### TENTH DEFENSE

10. The Complaint fails to sufficiently identify the terms of any oral agreement between Jaffe & Asher and the Defendants.

### ELEVENTH DEFENSE

11. Defendants did not agree to any purported oral agreement.

### TWELFTH DEFENSE

12. The purported oral agreement is void for vagueness.

### THIRTEENTH DEFENSE

13. The Complaint fails to sufficiently allege any agency relationship between Jo-Karen Whitlock and Defendants as to obligate Defendants.

### FOURTEENTH DEFENSE

14. The Complaint fails to sufficiently allege any breach of any purported oral agreement between Jaffe & Asher and the Defendants.

### FIFTEENTH DEFENSE

15. The Complaint fails to allege any special relationship between Defendants and

Jaffe & Asher as to impose any duty upon Defendants.

## SIXTEENTH DEFENSE

16. Plaintiff did not reasonably or justifiably rely upon any alleged act, statement, or omission of Defendants or their representatives.

## SEVENTEENTH DEFENSE

17. To the extent Plaintiff has sustained any damages, Jaffe & Asher has directly and proximately contributed thereto by failing to reasonably investigate, consider, or negotiate the terms of the Legal Services Agreement entered into by Defendants and Jaffe & Asher.

## EIGHTEENTH DEFENSE

18. Plaintiff's claim for breach of the duty of good faith and fair dealing fails as duplicative of its breach of oral agreement claim.

## NINETEENTH DEFENSE

19. Any damages suffered by Plaintiff are attributable to Plaintiff's own culpable, reckless, and/or negligent conduct.

## TWENTIETH DEFENSE

20. At all times referred to herein, Defendants acted in good faith.

## TWENTY-FIRST DEFENSE

21. Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE**, Defendants demand judgment:

(a) In favor of Defendants;

(b) Dismissing the Complaint in its entirety with prejudice;

(c) Awarding Defendants the attorneys' fees, costs, and expenses they incurred in this action;

(d) Denying all relief sought by Plaintiff; and

      (e)    Awarding Defendants such other and further relief as they are entitled to and as to the Court is fair, equitable, and just.

Dated: New York, New York
September 30, 2016

          K&L Gates LLP

          By: */s/ Gregory N. Blase*
              Gregory N. Blase (GB1203)
              Max E. Kaplan (MK2142)
              599 Lexington Avenue
              New York, New York 10022-6030
              Telephone: (212) 536-3900
              Email: gregory.blase@klgates.com
                    max.kaplan@klgates.com
              Attorneys for Defendants Wells Fargo Bank, N.A. and Wells Fargo Financial National Bank